IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KADRA ALI** | ) | |
| | ) | Case No.: 2:21-cv-4219 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| **THE LAURELS OF GAHANNA, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **LAUREL HEALTH CARE COMPANY** | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This action seeks compensatory and punitive damages; declaratory and equitable relief, including payment of full back pay; prejudgment and post-judgment interest; costs; and attorneys' fees for the violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Ohio Laws Against Discrimination ("OLAD"), R.C. Ch. 4112, committed when Defendants refused to provide a reasonable accommodation to Plaintiff's sincerely-held religious belief and practice of observing a daily Islamic cycle of prayer, which included taking brief prayer breaks during her work shift, even though an accommodation would not have imposed an undue hardship on business operations; and/or discharged Plaintiff for requesting a religious accommodation of taking a prayer break and for taking time off for her religious holiday, and for her opposition to Defendants' failure to provide prayer accommodation.

1

## JURISDICTION AND VENUE

2. Plaintiff's claims for religious discrimination and retaliation in violation of Title VII are brought pursuant to 42 U.S.C. § 2000(e)-5, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

3. This Court has supplemental jurisdiction over Plaintiff's OLAD claims pursuant to 28 U.S.C. § 1367.

4. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202.

5. Compensatory and punitive damages may be awarded under Title VII and OLAD 2315.18 (B)(1), 2315.21(A)(1)(a)(ii).

6. Costs and attorneys' fees may be awarded pursuant to Title VII, 42 U.S.C. § 2000e-5(k); Fed. R. Civ. P. 54; and OLAD.

7. Defendants are located within the geographical boundaries of the United States District Court for the Southern District of Ohio, where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, rendering venue proper pursuant to 28 U.S.C. § 1391 and S.D. Civ. R. 82.1.

## PARTIES

8. Plaintiff Kadra Ali, a female of Somali origin, is a practicing Muslim and was at all relevant times an "employee" as the term is defined by Title VII and OLAD.

9. Defendant, The Laurels of Gahanna, LLC, is a domestic corporate entity registered with the Ohio Secretary of State; operates a nursing and rehabilitation facility, with its principal place of business located at 5151 N. Hamilton Road, Columbus, Ohio 43230, where Plaintiff's

claims arose; and was at all relevant times an "employer" as the term is defined in Title VII and OLAD.

10. Defendant, Laurel Health Care Company, is a foreign corporate entity registered with the Ohio Secretary of State; with its principal place of business located at 8181 Worthington Road, Westerville, Ohio 43082, and operates a nursing and rehabilitation facility at 5151 N. Hamilton Road, Columbus, Ohio 43230, where Plaintiff's claims arose; and was at all relevant times an "employer" as the term is defined in Title VII and OLAD.

## ADMINISTRATIVE HISTORY

11. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 28, 2020.

12. EEOC issued a letter of "Dismissal and Notice of Rights" to Plaintiff, dated May 25, 2021.

13. This Complaint is being timely filed within 90 days from the date Plaintiff received the Dismissal and Notice of Right to Sue from the EEOC.

## FACTS

14. Plaintiff commenced employment with The Laurels of Northworth on or around May 2018 as a 'State Tested Nursing Assistant.'

15. On May 12, 2019, Plaintiff transferred to Defendants' facility at 5151 N. Hamilton Road, Columbus, Ohio 43230.

16. As a requirement of her Muslim faith, Plaintiff was required to briefly pray five times a day which meant that she would have to go pray at certain times when she was at work.

17. The performance of these brief prayers by Plaintiff did not interfere with the operations of Defendants.

3

18. However, Plaintiff's request to be allowed a break at work to go pray was repeatedly denied by her supervisor.

19. Plaintiff was also asked by her supervisor to wear pants to work. Plaintiff as a part of her Muslim faith was not allowed to wear pants in public and instead wore skirts in public, including, to work.

20. Plaintiff's supervisor denied her request to not wear pants to work and gave an ultimatum to Plaintiff either wear pants or get terminated.

21. Plaintiff's wearing of a skirt instead of pants did not interfere in any way with the operation of Defendants' business.

22. On or around beginning of August 2019, Plaintiff requested from her supervisor the religious accommodation of being allowed to take a day off from work on August 19, 2019 as that day was her religious holiday of 'Eid al-Adha.'

23. Plaintiff was informed that she could not be given the day off on August 11, 2019 but that she could "call off" from work on the day prior to August 11, 2019 and then make up later for that missed day of work.

24. On August 10, 2019 Plaintiff called up the scheduler at work as instructed and informed the scheduler that she was calling off from work for the next day as Plaintiff was going to observe her religious holiday.

25. On August 12, 2019 Plaintiff was terminated for purported "attendance issues."

26. Plaintiff was never provided with a verbal or written warning or discipline for any attendance issues during the term of her employment with Defendants.

27. Defendants' management acted in conscious disregard of or reckless indifference to Plaintiff's right to be free from religious discrimination and/or retaliation, full well knowing

that Title VII and its Ohio counterpart (OLAD) required, unless excused by undue hardship, reasonable accommodation of their employees' sincerely-held religious beliefs and practices and protected opposition to employment decisions which were sincerely and reasonably believed to be in violation of Title VII and its Ohio counterpart (OLAD) and, instead, denying a reasonable accommodation and discharging them.

28. Defendants' management acted with malice due to pique at Plaintiff's insistence on Defendants accommodating the religious dictates that women wear loose-fitting clothing, be allowed to take breaks to perform the mandated religious prayers and take time off for the religious holiday.

29. As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, humiliation, inconvenience, lost wages and benefits, and other consequential damages.

## COUNT I

### Discrimination in Violation of Title VII

30. Paragraphs 1 through 29 above are realleged and incorporated herein.

31. By refusing to grant an accommodation for wearing skirts, praying at work, and taking time off for a religious holiday, even though such an accommodation would not have appreciably interfered with business operations, and discharging Plaintiff when she adhered to those beliefs and practices, Defendants violated Title VII.

## COUNT II

### Discrimination in Violation of OLAD

32. Paragraphs 1 through 29 above are realleged and incorporated herein.

33. By refusing to grant an accommodation for wearing skirts, praying at work, and taking time off for a religious holiday, even though such an accommodation would not have appreciably interfered with business operations, and discharging Plaintiff when she adhered to those beliefs and practices, Defendants violated Title OLAD.

## COUNT III

### Retaliation in Violation of Title VII

34. Paragraphs 1 through 29 above are realleged and incorporated herein.

35. By discharging Plaintiff for requesting religious accommodations and for opposing practices she sincerely and reasonably believed were discriminatory, Defendants committed retaliation in violation of Title VII.

## COUNT IV

### Retaliation in Violation of OLAD

36. Paragraphs 1 through 29 above are realleged and incorporated herein.

37. By discharging Plaintiff for requesting religious accommodations and for opposing practices she sincerely and reasonably believed were discriminatory, Defendants committed retaliation in violation of OLAD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendants on each and every count in this Complaint, and enter an Order awarding the following relief:

A. Reinstatement of Plaintiff to her former position;

B. Payment for all economic damages, including but not limited to, back pay, front pay, and lost benefits;

C.  Payment for non-economic damages, including emotional harm;

D.  Attorneys' fees and costs;

E.  Punitive damages;

F.  Any further relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Romin Iqbal*
Romin Iqbal (0080146)
CAIR-Ohio
4985 Cemetery Road
Hilliard, OH 43026
Phone: (614) 783-7953
rominiqbal@yahoo.com

*/s/ Lina Abbaoui*
Lina Abbaoui (0093395)
CAIR-Ohio
4985 Cemetery Road
Hilliard, OH 43026
Phone: (614) 982-0879
labbaoui@cair.com

**COUNSEL FOR PLAINTIFF**

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

*/s/ Lina Abbaoui*
Lina Abbaoui (0093395)

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of this Complaint was electronically filed with the ECF system for the Southern District of Ohio on August 23, 2021.

                                                */s/ Lina Abbaoui*
                                                Lina Abbaoui (0093395)